**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-2291**

---

MISAEL CORNEJO-AVALOS; ISAI ISMAEL AVALOS-VASQUEZ,

        Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  April 4, 2013        Decided:  April 10, 2013

---

Before MOTZ, KING, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Alison J. Brown, LAW OFFICE OF ALISON J. BROWN LLC, Takoma Park, Maryland, for Petitioners.  Stuart F. Delery, Principal Deputy Assistant Attorney General, Jennifer Williams, Senior Litigation Counsel, Colette J. Winston, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Misael Cornejo-Avalos ("Misael") and Isai Ismael Avalos-Vasquez ("Isai"), natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying their applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The current state of the law regarding this court's review of final orders denying asylum, withholding of removal and applications for relief under the CAT was summarized in Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011). The Immigration and Naturalization Act ("INA") vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. Id. at 272. A refugee is someone "who is unable or unwilling to return to" his native country "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group" or other protected ground. 8 U.S.C. § 1101(a)(42)(A) (2006). Asylum applicants have the burden of proving that they satisfy the definition of a refugee to qualify for relief. Djadjou, 662 F.3d at 272. They may satisfy this burden by showing that they were subjected to past persecution or that they have a well founded fear of persecution on account of a protected ground

2

such as being a member of a particular social group. See 8 C.F.R. § 208.13(b)(1) (2012). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution. Djadjou, 662 F.3d at 272.

In this instance, the Petitioners sought relief on the basis that they suffered past persecution and have a well founded fear of persecution on account of their membership in a particular social group: the Avalos family. The burden was on the Petitioners to show that their membership in this particular social group is at least "one central reason" that they will be persecuted if they return to El Salvador. 8 U.S.C. § 1158(b)(1)(B)(i) (2006). A central reason is one that is more than "'incidental, tangential, superficial, or subordinate to another reason for harm.'" See Quinteros–Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009) (quoting In re J–B–N–, 24 I. & N. Dec. 208, 214 (BIA 2007)).

Aliens face a heightened burden of proof to qualify for withholding of removal to a particular country under the INA. They must show a clear probability of persecution on account of a protected ground. If they meet this heightened burden, withholding of removal is mandatory. However, if applicants cannot demonstrate asylum eligibility, their applications for withholding of removal will necessarily fail as well. Djadjou, 662 F.3d at 272-73.

3

When the Board adopts the immigration judge's decision and includes its own reasons for affirming, this court reviews both decisions. Djadjou, 662 F.3d at 273. We will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Id.

The immigration judge found that the Petitioners were not victims of past persecution. In their brief, the Petitioners do not challenge this conclusion and they have therefore waived review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

We have reviewed the record and conclude that substantial evidence supports the finding that the Petitioners did not establish that they have a well founded fear of persecution on account of their membership in a particular social group. Whether their fear is *on account of* their membership in a particular social group is a factual finding

4

reviewed for substantial evidence. Crespin-Valladares v. Holder, 632 F.3d 117, 127-28 (4th Cir. 2011). Threats prompted by a desire to extort money are not on account of the alien's membership in a particular social group. Hincapie v. Gonzales, 494 F.3d 213, 219 (1st Cir. 2007). Here, the record shows that the gangs took all sorts of retaliatory actions if a family member refused to submit to an extortion demand. The gangs attacked the bus company's employees, bus passengers, the buses themselves and family members. Substantial evidence supports the finding that the gangs were motivated by greed and not membership in a particular family.

We note that the Petitioners now claim that they have a well founded fear of persecution on the basis that the gangs have retaliated when a family member has reported their criminal conduct to the police resulting in an arrest. The Petitioners never asserted this ground for relief before the immigration judge. Their statements focused on the extortion demands the family received, the attacks on the family as a result of the failure to comply with the extortion demands, the failure of the police to control the gangs and the disruption brought upon civil society by the existence of these gangs. We conclude that record does not compel a different result in this regard. Substantial evidence supports the finding that the Petitioners'

fear of persecution is not on account of their membership in a particular social group.

The Petitioners also contend that the Board erred by denying their applications for relief under the CAT. To qualify for protection under the CAT, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). To state a prima facie case for relief under the CAT, a petitioner must show that he will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2012); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). "A public official acquiesces to torture if, 'prior to the activity constituting torture, [the official] ha[s] awareness of such activity and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity.'" Lizama v. Holder, 629 F.3d 440, 449 (4th Cir. 2011) (quoting 8 C.F.R. § 1208.18(a)(7)). The applicant need not prove the torture would be inflicted on account of a protected ground. Dankam v. Gonzales, 495 F.3d 113, 115-16 (4th Cir. 2007). This court reviews for substantial evidence the denial of relief under the CAT. Id. at 124.

6

We conclude that substantial evidence supports the finding that the Salvadoran government does not acquiesce in the torture of its citizens by gang members. We note that the record shows that the government has taken affirmative steps to control the gang problem. Furthermore, the record does not compel a finding that police at the local level have either instigated or acquiesced in the torture of the local citizenry.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

7